**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JOSE WILLIAMS** **PETITIONER**
**ADC#115281**

**V.** **No. 5:09CV00386 SWW-JTR**

**RAY HOBBS, Director**
**Arkansas Department of Correction** **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Jose Williams. (Docket entry #2). Respondent has filed a Response (docket entry #9), to which Petitioner has filed a Reply. (Docket entry # 14). Thus, the issues are now joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the

pertinent procedural history of the case. On October 28, 2004, Petitioner was sentenced in Pulaski County Circuit Court to twelve years in the Arkansas Department of Correction for aggravated robbery and theft of property. (Docket entry #9-3). He received an additional five years' imprisonment for using a firearm in the commission of the aggravated robbery. *Id.* The two sentences were ordered to be served consecutively. (Docket entry #9-4).

Petitioner appealed his conviction to the Arkansas Supreme Court, where he argued: (1) the five-year sentence for using a firearm to commit aggravated robbery was contrary to the plain meaning of Arkansas Code Annotated § 5-4-104(a)(Repl.1997); and (2) the five-year sentence was "illegal," because it stacked a sentence for using a firearm to commit a felony on top of the specific sentence enhancement for using a deadly weapon to commit aggravated robbery. (Docket entry #9-4). On November 17, 2005, the Arkansas Supreme Court rejected both of these arguments and affirmed Petitioner's conviction. *Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005).

On January 19, 2006, Petitioner filed a Rule 37 Petition in Pulaski County Circuit Court, arguing that his trial counsel was ineffective for: (1) failing to conduct adequate discovery; (2) failing to perform his duties as defense counsel; and (3) failing to request an evidentiary hearing on all evidence that was going to be presented

at trial. (Docket entry #9-6). On May 11, 2006, the trial court entered an order denying the Petition. (Docket entry #9-7). Petitioner did not appeal.

On August 18, 2006, he filed a state habeas Petition in Pulaski County Circuit Court. He raised the same issues set forth in his Rule 37 Petition, as well as new claims of prosecutorial misconduct, unlawful arrest, and "conflicting testimony" among witnesses. (Docket entry #9-8). On October 15, 2007, the trial court denied the Petition for lack of jurisdiction. (Docket entry #9-9). Petitioner did not appeal.

On August 23, 2006, he filed a Petition to Correct an Illegal Sentence under Ark. Code Ann. § 16-90-111. (Docket entry #9-10). He renewed his argument that the additional five year sentence enhancement for using a firearm in the commission of the aggravated robbery was an illegal sentence. (Docket entry # 9-10). The trial court construed Petitioner's motion as a Rule 37 Petition, which it denied as a prohibited successive Rule 37 Petition. (Docket entry #9-11). Petitioner did not appeal.

On October 10, 2007, Petitioner filed a second Petition to Correct an Illegal Sentence under Ark. Code Ann. § 16-90-111. (Docket entry #9-12). He raised the same issues asserted in his previous motion, *i.e.*, the additional five-year sentence for using a firearm in the commission of the aggravated robbery was an illegal sentence. *Id.* This time, the trial court reached the merits of Petitioner's argument and held that neither the sentence of twelve years for aggravated robbery nor the enhancement of

five years from employing a firearm in the commission of the aggravated robbery exceeded the maximum sentence permitted by law for each act, and, therefore, were not illegal on their face. (Docket entry #9-13). Petitioner did not appeal.

On March 13, 2008, Petitioner filed a habeas Petition in Lincoln County Circuit Court. He argued that his five year sentence violated his right against double jeopardy. (Docket entry #9-14). On April 14, 2008, the court entered an order concluding that the Petition was without merit. (Docket entry #9-15). Petitioner did not appeal.

On July 15, 2009, Petitioner filed a second habeas Petition in Lincoln County Circuit Court. (Docket entry #9-16). This time he argued ineffective assistance of counsel, claiming his attorney: (1) failed to adequately challenge the sufficiency of the evidence at trial; (2) failed to use the police report to challenge a police officer's testimony; and (3) failed to effectively impeach witnesses with prior inconsistent statements. (Docket entry #9-17). Finally, he challenged the validity of the identification process, claiming that he did not look like the person in the surveillance photographs. *Id.*

On September 2, 2009, the Lincoln County Circuit Court denied the habeas Petition on the ground that all of Petitioner's claims should have been raised on direct appeal or in a timely filed Rule 37 Petition. *Id.* Petitioner did not appeal.

In this § 2254 action, which was filed on December 18, 2009, Petitioner asserts an ineffective assistance of counsel claim arising from his trial attorney allegedly withholding evidence from the jury. (Docket entry #2). Respondent argues that this claim is time barred because it was initiated well beyond the applicable statute of limitations, and that Petitioner has procedurally defaulted his ineffective assistance of counsel claim.

For the reasons explained below, the Court concludes that the Petition is time-barred.[1] Thus, it is recommended that the Petition be denied, and the case dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th

---

[1]Accordingly, the Court need not address the issue of procedural default.

Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

On November 17, 2005, the Arkansas Supreme Court, on direct appeal, affirmed Petitioner's conviction. He elected not to petition the United States Supreme Court for certiorari review. Thus, AEDPA's one-year statute of limitations began to run ninety days later, on February 15, 2006, and expired on February 15, 2007, two and half years *before* Petitioner initiated this action on December 12, 2009.[2]

AEDPA also provides, however, that the one-year limitations period may be tolled if a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v.*

---

[2] Although Petitioner filed his federal habeas Petition on December 18, 2009, he signed the Petition on December 12, 2009. The Eighth Circuit has held that, in analyzing whether a federal habeas petition is timely filed by a state prisoner, within AEDPA's limitations period, the "prison mailbox rule" applies. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds*, 523 F.3d 850 (8th Cir. 2008)("we hold that for purposes of applying 28 U.S.C. 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court.") Under this rule, "a *pro se* inmates 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.] *Nichols*, 172 F.3d at 1077 n.5.

For purposes of its statute of limitations analysis, the Court has given Petitioner the benefit of assuming that he placed the Petition in the prison mail system on December 12, 2009.

*Saffold*, 536 U.S. 214, 219-221 (2002).

On January 19, 2006, Petitioner filed a timely Rule 37 Petition in state court. Because the Rule 37 Petition was filed *before* the expiration of the 90-day period in which Petitioner could have petitioned the United States Supreme Court for certiorari review, the beginning of the AEDPA's one-year limitations period was tolled during the entire pendency of the Rule 37 Petition. The tolling and running of the one-year limitation period is as follows:

> (1) November 17, 2005: Petitioner's direct appeal concludes when the Arkansas Supreme Court affirms his conviction. Petitioner has ninety days to petition the United States Supreme Court for certiorari review *before* AEDPA's one-year statute of limitations is triggered.
>
> (2) January 19, 2006: Petitioner files his Rule 37 Petition in Pulaski County Circuit Court well before the expiration of the ninety days for filing a petition for certiorari with the United States Supreme Court. The Petition was denied on May 11, 2006.
>
> *Petitioner is entitled to 142 days of tolling (the 112 days between January 19, 2006 and May 11, 2006, plus the 30 days he had to file a notice of appeal from the denial of his Petition.*[3]
>
> (3) June 10, 2006: the one year limitation period begins to run (thirty days

[3] For purposes of statutory tolling under the AEDPA, a "properly filed" post-conviction motion remains pending during the time in which a prisoner could have filed a timely notice of appeal from the denial of postconviction relief. *See Williams v. Brutton*, 299 F.3d 981, 983 (8th Cir. 2002); Ark. R. App. P.-Crim. 2(a)(4)(notice of appeal must be filed within thirty days from the entry of an order denying postconviction relief under Rule 37).

after the Rule 37 Petition was denied on May 11, 2006).

*365 days run against the statute of limitations*

(4) June 10, 2007: The statute of limitations expires.

(5) December 18, 2009: Petitioner initiates this habeas action *over* 2 years *after* the expiration of the statute of limitations.[4]

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may also be applicable. *Moore v. United States*,

---

[4] After filing his Rule 37 Petition, Petitioner filed five postconviction motion. However, as explained below, none of those motions were "properly filed." Thus, they did not toll the statute of limitations.

On August 18, 2006, Petitioner filed a state habeas Petition in Pulaski County Circuit Court. Because it was denied for lack of jurisdiction it was not "properly filed." *See Lewis v. Norris*, 454 F.3d 7789 (8th Cir. 2006)(§ 2254 habeas petitioner, who was incarcerated in Lincoln County, filed an Arkansas state habeas petition in Mississippi County. Because Arkansas law only gave circuit courts habeas corpus jurisdiction over prisoners within their respective counties, the Court held that the state habeas petition was not "properly filed" for purposes of statutory tolling).

On August 23, 2006, Petitioner filed a Petition to Correct an Illegal Sentence. The trial court denied the motion after construing it as a Rule 37 Petition and holding that Petitioner was not entitled to file a subsequent petition. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000)(in order to be considered "properly filed," a state postconviction motion must be "in compliance with the applicable laws and rules governing filings").

Petitioner's final three postconviction motions were filed on October 10, 2007, March 13, 2008, and July 15, 2009. Notably, all three of those motions were filed *after* the limitations period had expired. It is well-established that postconviction motions filed *after* AEDPA's limitations period has expired have no tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir.1999)(pendency of state postconviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

Petitioner has not asserted any claims to support equitable tolling and, therefore, is not entitled to any such additional tolling.

**III. Conclusion**

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus, under 28 U.S.C. § 2254, be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 17th day of February, 2011.

J. Thomas Ray
UNITED STATES MAGISTRATE JUDGE